ORIGINAL SEALED

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

FILED
DEC 1 1 2019
US DISTRICT COURT
NEW ALBANY DIVISION

| | |
|---|---|
| United States of America<br>v.<br>KRISTY LANAE JOHNSON<br><br>*Defendant(s)* | )<br>)<br>) Case No. 4:19-mj-76<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __07/15/2019__ in the county of __Clark__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(A)(viii) | Distribution of methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Todd J. Brown, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 12-11-19

_____
Judge's signature

City and state: New Albany, Indiana    Honorable Van T. Willis, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

Your affiant, Todd J. Brown, Special Agent, Federal Bureau of Investigation (FBI), being duly sworn under oath states as follows:

**I.   INTRODUCTION**

1. I am an "investigative or law enforcement officer" of the United States, within the meaning of Section 2510(7), Title 18, United States Code, empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been employed by the Federal Bureau of Investigation as a Special Agent since May, 2000. I am currently assigned to the FBI's New Albany Resident Agency Office Safe Streets Task Force in New Albany, Indiana. In connection with my official FBI duties, I investigate criminal violations of the federal drug trafficking laws. I have participated in investigations involving drug trafficking, and I have received training in the enforcement of laws concerning drug trafficking. I am familiar with the ways in which those engaged in drug trafficking conduct their business, including, but not limited to, their methods of receiving, storing, packaging, and distributing controlled substances; their receipt, transfer, storage, distribution, and laundering of the proceeds from drug trafficking; their receipt, transfer, possession, and use of firearms to protect and further their unlawful activities; their use of telephones; and their use of numerical codes and code words to conduct their transactions.

3. I am familiar with and have participated in all of the normal methods of investigation, including, but not limited to, Title III wiretaps, visual surveillance, the general questioning of witnesses, the use of informants, consensual monitoring and recording of

1

conversations, the use of pen registers, the execution of search warrants, and undercover operations.

4. Your affiant has not included each and every fact that has been revealed through the course of this investigation. Your affiant has set forth only the facts that are believed to be necessary to establish probable cause for the issuance of arrest warrants.

5. In June 2019, FBI New Albany and the Jeffersonville Police Department initiated an investigation targeting the drug trafficking activities of Kristy Lanae Johnson, also known as "Future", and others in Jeffersonville, Indiana, and elsewhere. A Confidential Human Source, hereinafter CHS1, was developed during the course of the investigation of Johnson and others. CHS1 advised that Johnson was engaged in the distribution of methamphetamine in Jeffersonville, Indiana, and elsewhere.

6. On or about July 9, 2019, CHS1 met with Johnson and a black male later identified as Jamie Contretras Shelby, also known as "Cali", at a location known to your affiant in Clark County, Indiana. During the meeting, Johnson introduced Shelby as her source of supply of drugs. Johnson referred to Shelby as her "brother". Shelby then stated to CHS1 that he was in possession of multiple pounds of methamphetamine, cocaine and marijuana, and that Shelby was willing to supply CHS1 with large quantities of those drugs. The meeting between CHS1, Johnson and Shelby was consensually audio/video recorded. Your affiant reviewed the recording and observed Jamie Shelby. Your affiant heard the statements by Shelby regarding drug trafficking noted earlier in this paragraph. Physical surveillance was conducted by law enforcement in relation to the meeting between CHS1, Johnson and Shelby. Law enforcement observed Johnson's vehicle and Shelby's vehicle parked directly in front of the meeting location.

7. On or about July 15, 2019, under the direction of law enforcement, CHS1 contacted Johnson to arrange for the purchase of four ounces of methamphetamine in exchange for cash. During a consensually-recorded telephone call between CHS1 and Johnson preceding the purchase, Johnson stated that she had picked up eight ounces of methamphetamine from her brother in anticipation of supplying CHS1 with four ounces of methamphetamine and supplying another unknown individual with four ounces of methamphetamine. Johnson agreed to meet CHS1 for the purpose of supplying CHS1 with methamphetamine.

8. On or about July 15, 2019, prior to the consensually-recorded telephone call described in Paragraph 7 of this affidavit, law enforcement conducted physical surveillance of Johnson. Johnson's vehicle was observed in the parking lot of Shelby's residence at Shadow Ridge Apartment Complex in Louisville, Kentucky. Law enforcement subsequently observed Johnson and Shelby walking together in the parking lot of the apartment complex. Johnson walked to her vehicle and entered her vehicle. Shelby walked to his vehicle and entered his vehicle. Both vehicles departed the apartment complex, with Shelby leading in his vehicle and Johnson following immediately behind Shelby in her vehicle. Shelby, followed by Johnson, traveled from Louisville, Kentucky, to the vicinity of the intersection of Interstate 265 and Highway 62 in Jeffersonville, Indiana. Johnson and Shelby separated, and Johnson traveled to her mother's residence in Jeffersonville, Indiana. Surveillance was terminated on Shelby, however, Shelby's vehicle was located a short time later at Shelby's place of employment in Jeffersonville, Indiana.

9. On or about July 15, 2019, Johnson was observed by law enforcement departing her mother's residence in Jeffersonville, Indiana. Johnson was observed by law enforcement a short

time later arriving at the meeting location with CHS1. Prior to Johnson's arrival, law enforcement searched the area where the meeting between CHS1 and Johnson was to occur with negative results. CHS1 was provided with $1,200 in official government funds to purchase methamphetamine from Johnson. Johnson met with CHS1 and provided CHS1 with a clear plastic bag containing approximately four ounces of suspected methamphetamine in exchange for $1,200 in official government funds. Johnson departed the meeting location, and CHS1 was recovered for debriefing. CHS1 provided to law enforcement the methamphetamine supplied to CHS1 by Johnson. The methamphetamine provided to CHS1 by Johnson tested presumptively positive for methamphetamine. The meeting between CHS1 and Johnson was consensually audio/video recorded. Your affiant reviewed the recording and observed Johnson pull a large plastic bag from the front of her pants. Johnson then pulled out two smaller bags containing suspected methamphetamine from the larger bag and gave CHS1 the choice of which bag of methamphetamine CHS1 wanted to purchase.

10. The consensually-recorded telephone call between CHS1 and Johnson described in Paragraph 7 of this affidavit was placed subsequent to Johnson's arrival at Johnson's mother's residence in Jeffersonville, Indiana. During the telephone call, Johnson told CHS1 that she was at her mother's residence. Additionally, during the telephone call Johnson told CHS1 that she had to speak softly so that her mother would not know she was talking about a drug transaction.

11. Based on Johnson's own admission to CHS1 that Shelby was her source of supply of methamphetamine, Johnson's statement to CHS1 during the consensually-recorded telephone call that she had picked up methamphetamine from her "brother", and Johnson's statement to CHS1 during the same consensually-recorded telephone call that she needed to be careful so her

4

mother would not hear her conversation, your affiant believes that Johnson obtained the methamphetamine sold to CHS1 from Shelby at his apartment in Louisville, Kentucky.

12. Additionally, based on your affiant's experience conducting numerous drug trafficking investigations, your affiant is aware that drug traffickers will often drive vehicles in "tandem" when one of the vehicles contains drugs. The purpose for this action is in the event the vehicle containing the drugs is subject to a traffic stop by law enforcement, the other vehicle may create a diversion in an effort to allow the vehicle containing the drugs to avoid contact by law enforcement and subsequent discovery of the drugs by law enforcement. Your affiant believes that Shelby and Johnson utilized this tactic based on the observations by law enforcement described in Paragraph 8 of this affidavit.

13. Your affiant submitted the suspected methamphetamine purchased by CHS1 from Johnson described in Paragraph 9 of this affidavit to the Drug Enforcement Administration's North Central Laboratory for analysis. The Drug Enforcement Administration's North Central Laboratory confirmed the substance as methamphetamine hydrochloride, with a substance purity of approximately ninety-nine (99) percent resulting in approximately one-hundred-ten (110) grams of pure methamphetamine.

14. Based on the above information, your affiant has probable cause to believe Kristy Lanae Johnson, also known as "Future", distributed methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

_____
Todd J. Brown
Special Agent
Federal Bureau of Investigation


Signed and Sworn to before me this _____ day of December, 2019


_____
Van T. Willis
United States Magistrate Judge
Southern District of Indiana

6